UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGITTE SCHIESSER CONNER,<br><br>    Plaintiff,<br><br>    v.<br><br>AVIATION SERVICES OF CHEVRON U.S.A., et al.,<br><br>    Defendants. | Case No. 14-cv-02102-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 15 |

This action is an employment case brought by plaintiff Brigitte Schiesser Conner, an aircraft mechanic. Plaintiff has brought suit against three Chevron entities: Chevron U.S.A., Inc.; Chevron Corporation; and Aviation Services of Chevron U.S.A.[1] The complaint also names as defendants two individual Chevron employees: M. Brady Pierce, who was plaintiff's supervisor, and Chris Nelson, a co-worker. Plaintiff's state court complaint, which was removed to this Court, asserts thirteen causes of action under state and federal law, including wrongful termination, harassment and discrimination, and retaliation.

Currently before the Court is defendants' motion to dismiss seven of plaintiff's causes of action pursuant to FRCP 12(b)(6), as well as to dismiss, or in the alternative, for a more definite statement under FRCP 12(e) for six of plaintiff's causes of action. Defendants' motion is granted in part and denied in part.

---

[1] Plaintiff's opposition brief notes that she "is informed that Aviation Services of Chevron U.S.A. does not exist as a separate entity and was not Plaintiff's employer." Dkt. No. 19 at 6 n.1. The motion to dismiss at issue was also brought on behalf of all named defendants with the exception of Aviation Services of Chevron U.S.A. Dkt. No. 15. The Court consequently regards that entity as irrelevant for purposes of this order and expects that it will be dropped from any amended complaint.

United States District Court
Northern District of California

**BACKGROUND**

The operative complaint in this case contains allegations that are numerous and wide-ranging, factually and legally, but the key factual allegations are straightforward. Plaintiff, who was "the only female mechanic" for aircraft at Chevron, is a citizen of the United States and Germany and is 56 years old. Dkt. No. 1, Ex. B ¶¶ 8, 13. She worked for the Chevron defendants for ten years, starting in 2002. *Id*. Plaintiff alleges that she initially had an excellent employment record with positive reviews, but that she was "subjected to discriminatory and harassing conduct, a hostile work environment, and retaliation by Defendants." *Id*. ¶ 12. She asserts that the course of events at issue in her complaint began in 2010 after the retirement of her supervisor John Lett, "with whom Plaintiff had an excellent working relationship." *Id*. ¶ 10, 12. Plaintiff alleges that she subsequently experienced numerous instances of discriminatory and harassing conduct, including one instance in which her new supervisor, defendant Pierce, informed her that she "should not have reported the harassment, because she is working in a man's world and there are different rules." *Id*. ¶ 13. Plaintiff alleges this comment was made to her after she reported the "unrelenting" harassment by defendant Nelson and others of another mechanic, who is "Japanese and diminutive for a man." *Id*. ¶ 12. Plaintiff asserts that she was also harassed on the basis of her national origin and "call[ed] . . . a Nazi" by defendant Nelson. *Id*. ¶ 17. Plaintiff further claims that she was subjected to "violent pictures on the wall" which "were disturbing and had bullet holes in them as well as images of people being choked," and which defendants "refused to remove." *Id*. ¶ 16.

Plaintiff alleges that "[b]ecause of the abuse she suffered in the workplace, and the terrible and hostile environment, [she] suffered a disability and commenced a medical leave of absence" on May 17, 2012. *Id*. ¶ 25. On September 6, 2012, when she returned to work as directed by defendants, she was allegedly "immediately removed from the workplace and terminated." *Id*. ¶ 28. She claims that she was prohibited from subsequently reporting to work and her termination became effective on November 30, 2012. *Id*.

On this factual basis, plaintiff alleges thirteen causes of action: (1) wrongful termination in violation of public policy under California Government Code § 12900, Article I, Section 8 of the

2

California Constitution, California Labor Code §§ 1102.5 and 6310-12, and the FMLA and CFRA ("against Chevron defendants"); (2) harassment and discrimination based on national origin/ancestry, sex, age and disability in violation of the California Fair Employment and Housing Act, Government Code § 12900 ("against defendants"); (3) retaliation for opposing discrimination and harassment in violation of the FEHA and for opposing and reporting safety violations under California Labor Code §§ 6310-12 and 1102.5 ("against Chevron defendants and defendant Pierce"); (4) failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring ("against Chevron defendants and defendant Pierce"); (5) intentional infliction of emotional distress ("against defendants"); (6) negligent infliction of emotional distress ("against defendants"); (7) negligence ("against defendants"); (8) negligent hiring, supervision and retention ("against Chevron defendants"); (9) violation of California Labor Code §§ 1102.5, 6310-12 ("against defendants"); (10) breach of contract ("against Chevron defendants"); (11) failure to engage in the interactive process and accommodate disability ("against Chevron defendants"); (12) discrimination in violation of FMLA, CFRA and FEHA ("against defendants"); and (13) violation of the Bane Act ("against defendants"). Dkt. No. 1, Ex. B at 12-28.

In the motion to dismiss, defendants seek dismissal of plaintiff's second, third, fourth, sixth, seventh, ninth and twelfth causes of action under FRCP 12(b)(6) for failure to state a claim. Dkt. No. 15. Defendants also argue that "plaintiff's first, second, third, ninth, eleventh and twelfth causes of action are improperly pled and should be dismissed, or in the alternative, Plaintiff should be ordered to provide a more definite statement" pursuant to FRCP 12(e). *Id*., Notice of Motion and Motion at 3.

**DISCUSSION**

**I. GOVERNING STANDARD**

Dismissal under FRCP 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677).

If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

Under FRCP 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired."

## II. MOTION TO DISMISS

### A. PERMISSIBLE SCOPE OF INDIVIDUAL LIABILITY -- SECOND, THIRD, FOURTH, NINTH AND TWELFTH CAUSES OF ACTION

Most of defendants' motion to dismiss arguments are made on behalf of the two individual Chevron employee defendants, Pierce and Nelson, only. Defendants move to dismiss Pierce from the third and fourth causes of action, and both Pierce and Nelson from the second, ninth and twelfth causes of action. As the briefs show, the parties actually share much common ground on the legal issues, but have disputes about how the complaint may fairly be read and where, exactly, the boundary for permissible individual liability should be drawn under the relevant case law.

#### 1. Second and Twelfth Causes of Action

Defendants assert that plaintiff's second and twelfth causes of action "for discrimination under FEHA" cannot be pled against M. Brady Pierce and Chris Nelson. Dkt.

4

No. 15 at 4. They state that these causes of action are brought under California Government Code Sections 12940 and 12945.2, which are part of California's Fair Employment and Housing Act, or "FEHA." *Id*. They argue that in *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998), the California Supreme Court held that lawsuits under FEHA may only be brought against "the employer itself, the entity ultimately responsible for discriminatory actions." Dkt. No. 15 at 4.

Significantly, plaintiff does not dispute that she cannot bring a claim for discrimination under FEHA against Pierce and Nelson. For the second cause of action, however, she argues that she has not pled such claims, and that as against the individual defendants, she has pled *harassment* claims only, which are permitted. Dkt. No. 19 at 6-8. Defendants in turn do not dispute that harassment claims are permissible, but they argue that plaintiff's cause of action as pled is not limited to harassment as against the individual defendants. Dkt. No. 20 at 2.

This is not a truly substantive dispute because the parties do not disagree about the controlling legal principles. Rather, it is a dispute about the fair reading of the complaint. After reviewing the allegations of the complaint, the Court finds that while plaintiff has made some effort to limit her claims against the individual defendants to harassment only, *see*, *e.g.*, Dkt. No. 1, Ex. B ¶ 39 ("Defendant Pierce and Defendant Nelson engaged in unlawful harassment of Plaintiff"), other allegations are less clear. *See id*. ("CHEVRON Defendants, and each of them, engaged in a continuing and ongoing pattern and practice of unlawful discrimination and harassment . . . ."). The Court therefore grants defendants' motion to dismiss the second cause of action with leave to amend, with instructions to plaintiff to make her allegations more clear in a way that is consistent with the legal principles upon which the parties agree.

For the twelfth cause of action, plaintiff responds to defendants' motion in a number of ways. That cause of action asserts "against defendants" "discrimination in violation of FMLA, CFRA and FEHA." Dkt. No. 1, Ex. B at 26. Plaintiff first "concedes that . . . Defendant Nelson should be dismissed from the twelfth cause of action." Dkt. No. 19 at 9. Pursuant to this concession, defendant Nelson is dismissed from the twelfth cause of action with prejudice. As for defendant Pierce, plaintiff's supervisor, plaintiff continues to maintain that he is properly named as a defendant in this cause of action "based on discrimination in violation of the FMLA." *Id*. But

that is not responsive to defendants' argument that the cause of action should be dismissed to the extent it alleges discrimination under FEHA as against Pierce.[2] Again turning to the allegations in the complaint itself, the twelfth cause of action does appear to allege discrimination claims under FEHA against Pierce. *See*, *e.g.*, Dkt. No. 1, Ex. B ¶ 108 ("[T]he FMLA and CFRA and FEHA . . . required Defendants, and each of them, . . . to not discriminate against or discharge Plaintiff . . . ."). As discussed above, plaintiff does not contest this is improper. Defendants' motion to dismiss the twelfth cause of action is consequently also granted as to Pierce, except that this dismissal is with leave to amend. To the extent this cause of action is included in an amended complaint, it must not include Nelson, and it must make clear that no discrimination claim under FEHA is being alleged against Pierce.

### 2. Third Cause of Action

Defendants move to dismiss only Pierce from plaintiff's third cause of action, on the basis that individuals cannot be sued for retaliation under FEHA. Dkt. No. 15 at 5 (relying on *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1167-68 (2008)). In response, plaintiff asserts that Pierce is a proper defendant for her retaliation cause of action based on *non*-FEHA grounds. Dkt. No. 19 at 9-10. Again, plaintiff does not dispute defendants' legal argument itself, and yet her third cause of action, which generally invokes FEHA, alleges that "Defendants allowed . . . retaliation against the Plaintiff . . . ." Dkt. No. 1, Ex. B ¶ 46. Defendants' motion to dismiss this cause of action is consequently granted with leave to amend, with similar instructions as those set forth above to plaintiff to clarify that she is not asserting against Pierce any retaliation claim under FEHA.

### 3. Fourth Cause of Action

Defendants' motion to dismiss plaintiff's fourth cause of action is again brought on behalf of Pierce only, and seeks his dismissal from this cause of action for failure to prevent discrimination under FEHA on the grounds that "it is clear that employers, and not

---

[2] In their reply, defendants also argue that the cause of action "fails . . . and must be dismissed" to the extent it alleges discrimination under the CFRA as against the individual defendants. Dkt. No. 20 at 7-8. But this argument was not raised in defendants' opening brief, plaintiff has had no opportunity to respond, and consequently the Court does not consider it.

6

individuals can[] be held liable for failure to prevent discrimination under the FEHA." Dkt. No. 15 at 6 (citing Cal. Gov't. Code § 12940(k) and *Reno*, 18 Cal. 4th at 660). In response, plaintiff relies on *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996) for the proposition that as a supervisor, Pierce is a proper defendant and may be held individually liable to the extent he "substantially assist[ed] or encourage[d] continued harassment." Dkt. No. 19 at 10. Defendants disagree with this reading of *Fiol*, and argue that the *Fiol* court "reached the opposite conclusion." Dkt. No. 20 at 4.

A review of *Fiol* makes clear that while the California Court of Appeal in that case noted that a supervisor may be held personally liable under FEHA if he "substantially assists or encourages continued harassment," "a nonharassing second-tier supervisor who fails to take action when an employee complains" is not such a supervisor against whom personal liability can be sought. 50 Cal. App. 4th at 1327. On its face, plaintiff's complaint makes clear that the fourth cause of action alleges nothing more than that as to Pierce. *See*, *e.g.*, Dkt. No. 1, Ex. B ¶ 51 (defendants "failed to properly investigate the harassment and discrimination and failed to take immediate and appropriate corrective action").

Plaintiff's fourth cause of action is consequently dismissed as against Pierce with leave to amend.

### 4. Ninth Cause of Action

Defendants seek dismissal of plaintiff's ninth cause of action on behalf of both Pierce and Nelson, on the grounds that only the employer is a proper defendant for the alleged violations of California Labor Code Sections 1102.5 and 6310-6312. Dkt. No. 15 at 7. Plaintiff disagrees as a legal matter. Dkt. No. 19 at 12.

As to the asserted violation of Labor Code Section 1102.5, Labor Code Section 1104 expressly states that "[i]n all prosecutions under this chapter, the employer is responsible for the acts of his managers, officers, agents, and employees." Plaintiffs have failed to point to any authority that establishes that individual liability exists for violations of Section 1102.5 despite this statutory language. Pierce and Nelson are consequently dismissed without leave to amend from the ninth cause of action to the extent the claims against them are premised on a violation of

1 Labor Code Section 1102.5.

2 For the asserted violation of Labor Code Sections 6310-6312, however, the Court finds that it is not obvious "under the settled law of California that an action cannot proceed against individual supervisors under Labor Code § 6310." *Thompson v. Genon Energy Servs., LLC*, No. C13-0187 TEH, 2013 WL 968224, at *5 (N.D. Cal. Mar. 12, 2013); *see also id*. at *4 (declining "to divine how the California courts would handle the question of individual liability under § 6310, even if the great weight of the case law considering other labor and discrimination provisions reserves liability for the employer."). Defendants' motion to dismiss Pierce and Nelson from the ninth cause of action is consequently denied to the extent the cause of action asserts that Pierce and Nelson violated Labor Code Sections 6310-6312.

### B. EXCLUSIVITY OF WORKERS COMPENSATION ACT -- SIXTH AND SEVENTH CAUSES OF ACTION

For plaintiff's sixth and seventh causes of action -- which allege negligent infliction of emotional distress and negligence against all defendants -- defendants argue that these causes of action must be dismissed as to all defendants because they are barred by the exclusive remedy provisions of the Workers Compensation Act, California Labor Code Section 3200 et seq. *See* Dkt. No. at 15 at 6.

"Workers' compensation ordinarily provides the exclusive remedy for an injury sustained by an employee in the course of employment and compensable under the workers' compensation law." *Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338, 365 (2010). "The workers' compensation exclusivity rule also encompasses any injury 'collateral to or derivative of' an injury compensable under the workers' compensation law." *Id*. Plaintiff does not dispute this general rule of exclusivity, but she argues that an exception applies here, because she is bringing a suit that alleges "harassment, unlawful discrimination, or other misconduct that exceeds the normal risks of the employment relationship." Dkt. No. 19 at 10-11 (citing, among other cases, *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 756 (1992)).

Notably, defendants have not moved to dismiss plaintiff's fifth cause of action for intentional infliction of emotional distress.[3] The Court construes this as an implicit concession that plaintiff has alleged enough to suggest that the misconduct at issue in this case "exceeds the normal risks of the employment relationship" -- a proposition that the Court would agree with. Rather, defendants seem to be arguing for a hard distinction between "negligent" causes of action on the one hand and "intentional" ones on the other.

The case law cited by defendants themselves does not support such a distinction. In *Vacanti v. State Compensation Insurance Fund*, 24 Cal. 4th 800, 820 (2001) in particular, the California Supreme Court noted that when initially determining whether "the alleged acts that give rise to [a] cause of action are 'of the kind that [are] within the compensation bargain,'" courts should "consider only the acts themselves - and not the motive behind the acts." Moreover, "[i]n the exclusivity context, motive refers to the purpose or reason behind the acts and *not* the intentional or negligent nature of these acts." *Id*. (emphasis in original). Indeed, in *Vacanti*, plaintiffs' complaint included claims for intentional and negligent interference with business relations, and the California Supreme Court ruled that "plaintiffs' tortious interference . . . claims are not barred to the extent they are predicated on defendants' conspiratorial acts," without drawing any distinction between the "intentional" and "negligent" claims. *Id*. at 828. Defendants' motion to dismiss is consequently denied for plaintiff's sixth and seventh causes of action.

### III. MOTION FOR MORE DEFINITE STATEMENT

Defendants have also brought a motion to dismiss, or in the alternative for a more definite statement, as to plaintiff's first, second, third, ninth, eleventh and twelfth causes of action. To the extent defendants seek dismissal of these causes of action under FRCP 12(e), the motion is denied. The remaining request for a more definite statement is mooted by the Court's rulings above, which require the filing of an amended complaint if plaintiff wishes to proceed with the case, and is

---

[3] Defendants' reply brief does contain a stray sentence seeking the dismissal of "Plaintiff's negligent and intentional infliction of emotional distress causes of action." Dkt. No. 20 at 7. However, the beginning of that section makes clear defendants are moving to dismiss plaintiff's "claims for negligence and the negligent infliction of emotional distress." *Id*. at 5. In any event, a request for the dismissal of the intentional infliction of emotional distress cause of action was not raised in defendants' opening brief and is now disregarded.

denied on that basis.

For plaintiff's guidance, however, the Court notes that defendants are correct that multiple theories of liability should not be pled in a single claim for relief. The Court also discourages the kitchen-sink pleading style plaintiff used in the first amended complaint filed in state court. Instead, as set forth in the Court's standing order on civil cases, plaintiff should spare no effort to ensure that her pleading is succinct and clear, and her complaint should state the material facts and counsel's best determination of claims. Multiple, repetitive claims that are hard to unravel or understand are not useful and are strongly discouraged.

In addition, both sides -- plaintiff and defendants -- need to establish a much higher degree of cooperation and communication in this case. The motion papers show surprisingly extensive common ground and agreement between the parties. The parties should have worked together to narrow the scope of disputes and resolve issues before spending client money on motions and calling on Court resources. The Court directs the parties to make the effort to improve cooperation on streamlining this dispute and handling it more efficiently. If they fail to achieve that informally, the Court will require lead trial counsel for both sides to attend in-person meet-and-confer sessions at the courthouse. In addition, the Court orders the parties to limit phone calls to the courtroom deputy to urgent situations that require the Court's immediate attention. Calls should be few and far between.

## CONCLUSION

Defendants' motion is granted in part and denied in part as set forth above. Plaintiff may file an amended complaint by **November 26, 2014** in response to this order. The amended complaint may not add any new claims or parties without prior leave of court. Defendants must answer or otherwise respond to the amended complaint by **December 17, 2014**.

The motion to dismiss resolved by this order did not seek the dismissal of the entire action, and, as noted above, the scope of issues disputed by the parties was not as wide as might initially appear. The Court expects that the parties have been working to move this litigation

forward, and reminds them that the case management deadlines previously set will not be extended absent extraordinary circumstances.

**IT IS SO ORDERED.**

Dated: November 5, 2014

_____
JAMES DONATO
United States District Judge